UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| ALISHA OOTEN, *Administratrix of the Estate of Shirley Burdine, individually and on behalf of all others similarly situated,* | ) ) ) ) No. 6:23-cv-202-REW-HAI ) |
| Plaintiff, | ) OPINION & ORDER ) |
| v. | ) ) |
| HILLCREST NURSING HOME OF CORBIN, INC., *d/b/a Hillcrest Health and Rehabilitation Center, et al.,* | |
| Defendants. | |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendants move to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *See* DE 5 (Motion). For the following reasons, the Court **GRANTS** the motion.

**I.   Background**

Shirley Burdine, the decedent, was a resident of Defendant Hillcrest Nursing Home of Corbin, Inc., d/b/a Hillcrest Health and Rehabilitation Center. *See* DE 1 (Complaint) ¶ 4. According to the Complaint, Hillcrest Nursing Home, a skilled nursing facility, is operated by Defendants Management Advisors, Inc. and SEKY Holding Co. *See id.* ¶¶ 4, 6–7. Defendant Terry E. Forcht allegedly owns and controls Hillcrest Nursing Home, Management Advisors, and SEKY Holding. *See id.* ¶ 8.

Plaintiff Alisha Ooten, Administratrix of the Estate of Shirley Burdine, filed the instant putative class action against Hillcrest Nursing Home, Management Advisors, SEKY Holding, Forcht, and Unknown Defendants, alleging that Defendants, collectively, "were legally responsible

1

for more than 100 similarly situated skilled nursing facility residents, including Shirley Burdine," and in that capacity, Defendants failed to adequately staff Hillcrest Nursing Home, in violation of 42 C.F.R. § 483.35(a)(1) and Kentucky law.[1] *See id.* ¶¶ 17–20. Specifically, Plaintiff alleges that:

> Defendants provided approximately 58% less registered nurses, 10% less licensed practical nurses, and 13% less total nursing hours than that which was required for the resident population in 2019. Next, Defendants provided approximately 54% less registered nurses, 6% less licensed practical nurses, and 11% less total nursing hours than that which was required for the resident population in 2020. Next, Defendants provided approximately 56% less registered nurses and 13% less total nursing hours than that which was required for the resident population in 2021. Next, Defendants provided approximately 61% less registered nurses and 2% less total nursing hours than that which was required for the resident population in 2022.

*Id.* ¶ 24. The allegations hinge on the facility's alleged failure to meet an overall nurse staffing formula imposed by federal law and incorporated into state law. *See id.* ¶¶ 18–24.

Plaintiff generically asserts that Burdine, along with the other members of the Class, "suffered injury in fact and concrete harm" due to the understaffing. *Id.* ¶ 25. She also, with specificity, states that Burdine and the members of the Class "suffered pecuniary harm by being deprived of the value of payments made to the Facility for skilled nursing services when these services were not actually rendered[.]" *Id.* ¶ 26. Plaintiff does not, though, allege that Burdine, or any other resident at Hillcrest Nursing Home, was physically or emotionally harmed by the understaffing. In fact, Plaintiff specifically states that she "does not seek recovery for bodily injury, wrongful death, or other personal injury claims that an individual class member may have with

---

[1] "(a) Sufficient staff.
    (1) The facility must provide services by sufficient numbers of each of the following types of personnel on a 24-hour basis to provide nursing care to all residents in accordance with resident care plans:
        (i) Except when waived under paragraph (e) of this section, licensed nurses; and
        (ii) Other nursing personnel, including but not limited to nurse aides."

42 C.F.R. § 483.35(a)(1). Kentucky incorporated the requirements of 42 C.F.R. § 483.35(a)(1) into 902 KAR 20:300(1)(a).

respect to care provided (or not provided) at Defendants' facility." DE 1 ¶ 1. The Complaint disclaims recovery for "personal injuries, emotional distress, or bodily harm[.]" *Id.* ¶ 34. However, Plaintiff *does* seek to recover such categories of relief in a parallel state filing, including for failure to follow Kentucky regulations; the Court takes cognizance of the state filing as a public, judicial record. *See* DE 23-1 (Exhibit 1 to Defendants' Reply).

Importantly, Plaintiff exclusively seeks to make claims pertinent to two subclasses. One, "Private Pay Residents" that either paid for skilled nursing facility services or had private insurance that reimbursed Defendants for such services. *See* DE 1 ¶ 38. The second, "All Residents – Injunctive Relief Only," seeks to enjoin ongoing violations at the facility. *See id.* In the prayer for relief, Plaintiff nominally seeks individual and class relief, but she tethers remedies *only* to the categories sought by the two classes. *See id.* at 20–24.

On behalf of the classes, Plaintiff brings a single negligence per se claim under KRS § 446.070, based on Defendants' alleged violation of 42 C.F.R. § 483.35(a)(1), applicable via 902 KAR 20:300. *See id*. ¶¶ 44–53. Plaintiff demands compensatory and punitive damages as to Subclass One and injunctive relief as to both subclasses. *See* at 20–24. Although the Complaint alleges that Burdine was a resident at Hillcrest Nursing Home and that the facility violated staffing standards, it contains no allegation that Burdine was a Private Pay Resident or a part of Subclass One. *See generally* DE 1.

Defendants jointly filed a motion to dismiss Plaintiff's claims for failure to state a claim. *See* DE 5. Plaintiff responded, *see* DE 14, and Defendants replied, *see* DE 23. The matter is now ripe for review.

3

## II. Motion to Dismiss Standard

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, "a formulaic recitation of a cause of action's elements will not do." *Twombly*, 127 S. Ct. at 1964–65. Courts "must construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). Yet, courts need not accept "legal conclusion[s] couched as [] factual allegation[s]." *Papasan v. Allain*, 106 S. Ct. 2932, 2944 (1986). Hinging on Rule 8's minimal standards, *Twombly* and *Iqbal* require a plaintiff to "plead facts sufficient to show that her claim has substantive plausibility." *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014). Where a plaintiff states "simply, concisely, and directly events that . . . entitle[] [her] to damages," the rules require "no more to stave off threshold dismissal for want of an adequate statement." *Id.*; *El-Hallani v. Huntington Nat'l Bank*, 623 F. App'x 730, 739 (6th Cir. 2015) ("Although *Twombly* and *Iqbal* have raised the bar for pleading, it is still low.").

Perhaps, conceptually, it is better to think of a motion that attacks standing as one under Rule 12(b)(1). *See Allstate Ins. Co. v. Glob. Med. Billing, Inc.*, 520 F. App'x 409, 410–11 (6th Cir. 2013) ("Although the parties and the district court considered the issue of standing as a failure to state a claim under Rule 12(b)(6), it is more properly considered an attack on the court's subject-matter jurisdiction under Rule 12(b)(1)."). A party must have standing to invoke the Court's jurisdiction—to "adequately allege jurisdiction, the complaint 'must contain non-conclusory facts

4

which, if true, establish that the district court had jurisdiction over the dispute.'" *See id.* (citation omitted).

### III. Analysis

The Complaint defines two subclasses: "Private Pay Residents" and "All Residents – Injunctive Relief Only." *See* DE 1 ¶ 38. Defendants contend that Plaintiff lacks standing to make a claim on behalf of and as representative of either subclass. *See* DE 5 at 4–6. The Court will assess standing as to each subclass in turn.

#### A. Standing

"Article III limits the judicial power to resolving actual 'Cases' and 'Controversies' . . ." *Buchholz v. Meyer Njus Tanick, PA*, 946 F.3d 855, 860 (6th Cir. 2020) (quoting U.S. Const. Art. III, § 2). "[O]ne telltale of a case or controversy is that the parties have standing to bring it." *Id*. (citation and quotation marks omitted). "The 'irreducible constitutional minimum of standing' requires the plaintiff to show three elements." *Tennessee v. United States Dep't of State*, 931 F.3d 499, 507 (6th Cir. 2019) (quoting *Lujan v. Defs. of Wildlife*, 112 S. Ct. 2130, 2136 (1992)). A plaintiff has standing to pursue a claim if the plaintiff establishes (1) an injury in fact; (2) causation; and (3) redressability. *ACLU v. NSA*, 493 F.3d 644, 659 (6th Cir. 2007). A plaintiff fulfills the injury in fact element upon a showing of "concrete and actual or imminent" harm, rather than harm that is merely "hypothetical, conjectural, or speculative." *Id.* at 656, 659 (citation and quotation marks omitted). Causation requires "a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant." *Id.* at 659 (citations and quotation marks omitted). And redressability means that the requested relief is likely to "redress the alleged injury." *Id.* (citations and quotation marks omitted).

"It is well settled that, at the outset of litigation, class representatives without personal standing cannot predicate standing on injuries suffered by members of the class but which they themselves have not or will not suffer." *Rosen v. Tennessee Com'r of Finance and Admin*, 288 F.3d 918, 928 (6th Cir. 2002) (citing *Warth v. Seldin*, 95 S. Ct. 2197, 2206 (1975)). "That a suit may be a class action, however, adds nothing to the question of standing, for even named plaintiffs who represent a class 'must allege and show that they have been personally injured, not that injury has been suffered by other, unidentified members of the class *to which they belong* and which they purport to represent.'" *Simon v. Eastern Kentucky Welfare Rights Organization*, 96 S. Ct. 1917, 1925 n.20 (1976) (emphasis added) (quoting *Warth*, 95 S. Ct. at 2207). Plainly, "[a] potential class representative must demonstrate individual standing vis-[à]-vis the defendant; he cannot acquire such standing merely by virtue of bringing a class action."[2] *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 423 (6th Cir. 1998).

### 1. *Subclass One: Private Pay Residents*

The Complaint defines the "private pay" subclass as:

all persons who resided in (or continue to reside in) the FACILITY, that is and was owned, operated, and/or managed by the Defendants named herein from the date of five years prior to the date of filing of this complaint, through the date of the final disposition of this action, wherein the Defendants were reimbursed for services provided to a "class member" by private pay and/or privately acquired insurance and/or any Health Maintenance Organization ("HMO") or Preferred Provider Organization ("PPO"). The subclass does not include: (a) any officers, directors or employees of the Defendants; (b) any judge assigned to hear this case (or spouse or family member of any assigned judge); (c) any juror selected to hear this case.

*Id.* ¶ 38. Defendants argue that "Plaintiff does not allege that Ms. Burdine was a 'private pay

---

[2] Additionally, of course, pertinent to the requisites, "the class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only. In order to justify a departure from that rule, a class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2550 (2011) (citations and quotation marks omitted).

6

resident' or ever paid any of her own money to any defendant." *See* DE 5 at 4. Therefore, according to Defendants, Plaintiff lacks standing to assert claims on behalf of the private pay subclass. *See id.*

Defendants' characterization is apt. The Complaint never states that Burdine herself was a private pay resident. The Complaint alleges only that "Plaintiff and members of the Class suffered pecuniary harm by being deprived of the value of payments made to the Facility for skilled nursing services when these services were not actually rendered consistent with 42 C.F.R. § 483.35(a)(1) ("Sufficient Staff") and 902 KAR 20:300(1)(a) (incorporating 42 C.F.R. § 483.35(a)(1))." *See* DE 1 ¶ 26.

In her response, Plaintiff does not claim that Burdine was a private pay resident. *See* DE 14 at 2–5. In fact, she asserts that she "has standing to sue on behalf of Private Pay Residents regardless of whether [Burdine] was private pay or not." *Id.* at 2. Plaintiff has not sought to amend the Complaint to specify that Burdine was, indeed, a private pay resident. Instead, Plaintiff asserts she pleaded concrete and cognizable harm by alleging that, by merely being a resident at an understaffed facility, Burdine suffered the denial of "living in an adequately staffed facility." *See id.* at 3 (citing DE 1 ¶¶ 25, 49–50).

The Court's struggle is this: The Complaint alleges a distinct class (private pay residents) relative to the claimed right to recovery and only seeks a damage remedy (recovery of losses due to understaffing) as to *that* class. *See* DE 1 at 20–24. The Complaint does not place Burdine within that class, the class whose alleged pecuniary losses form the *only* basis for federal jurisdiction under 28 U.S.C. § 1332(d)(2). *See id.* ¶ 12. Because the Complaint does not establish that Burdine is a member of the pecuniary class, Plaintiff does not have standing to sue for (or represent a class suing for) pecuniary losses attributable to understaffing. Because Plaintiff expressly does not seek

to recover, on behalf of Burdine or anyone else, any physical, bodily, or emotional losses related to staffing shortages, she lacks a pecuniary hook to which she may hitch her assertion of standing.

In a final attempt to establish standing, Plaintiff tries to define a narrow and distinct residual claim beachhead—a right to pursue nominal damages for a generic violation under § 446.070 and *Juarez v. Schilling*, 668 S.W.3d 225, 241 (Ky. Ct. App. 2023), even in the absence of measurable harm. *See* DE 14 at 3–5. The Court does not see that claim in the Complaint and does not recognize that theory as applicable under the particular legal matrix at issue in this case for several reasons.

First, though nominal damages may suffice for redressability, they do not supply the other elements of the standing rubric. *See Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 801–02 (2021) ("Because nominal damages were available at common law in analogous circumstances, we conclude that a request for nominal damages satisfies the redressability element of standing where a plaintiff's claim is based on a completed violation of a legal right."). Second, the Complaint nowhere references or even suggests an effort for a nominal award by Plaintiff. *See* DE 1 ¶ 53 (citing "actual and punitive damages" per § 446.070). Plaintiff simultaneously seeks broad monetary damages in a pending state case, also related to purported understaffing—that case includes a claim for all physical and emotional damages tied to Defendants' failure to follow the "statutory and regulatory duties of care," including the rules and regulations promulgated by the Cabinet for Health and Family Services.[3] *See* DE 23-1 ¶¶ 21, 25–26, 29. The Court is particularly unwilling to sift for an unstated theory in this case, given the overt and fulsome effort toward thorough monetary damages in parallel litigation. Lastly, the Court is dubious regarding any

---

[3] Generally, "matters outside of the pleadings are not to be considered by a court in ruling on a . . . motion to dismiss." *Seaton v. TripAdvisor LLC*, 728 F.3d 592, 596 (6th Cir. 2013) (citation, quotation marks, and brackets omitted). However, the Court may "consider other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice." *Ashland, Inc. v. Oppenheimer & Co.*, 648 F.3d 461, 467 (6th Cir. 2011) (citation and quotation marks omitted). Because the lawsuit is a matter of public record, the Court may properly consider it at this stage.

nominal damage theory under the framework here presented. Quite unlike the personal right (to breastfeed without interference, per § 211.755) at issue in *Juarez*, the Chapter 216B framework, including the corresponding licensure regulations, imposes a borrowed Medicare/Medicaid staffing formula relative to nurse staffing. Even Plaintiff alleges that the inquiry is objective and based on facility averages, not on the individual experiences or circumstances of any particular resident.[4] And a regulation that provides a remedy for sustained damages under § 446.070 hardly mirrors the type of personal rights vindication, through a nominal award, the court in *Juarez* permitted. For all of these reasons, the Court grants the motion to dismiss the claim for monetary damages (as sought on behalf of the private pay residents) for lack of standing.

### 2. Subclass Two: Injunctive Relief on Behalf of All Residents

The Complaint sets forth the subclass for injunctive relief on behalf of all residents as follows:

> all persons who were resided in (or continue to reside in) the FACILITY, that is and was owned, operated, and/or managed by the Defendants named herein at any time from five years prior to the date of filing of this complaint, through the date of the final disposition of this action. The class does not include: (a) any officers, directors or employees of the Defendants; (b) any judge assigned to hear this case (or spouse or family member of any assigned judge); (c) any juror selected to hear this case.

DE 1 ¶ 38. Defendants argue that because Burdine is deceased, she is not "at imminent risk of concrete harm" resulting from inadequate staffing levels at Hillcrest Nursing Home, and therefore, Plaintiff lacks standing as to a claim of this species. *See* DE 5 at 4–5.

The Court agrees. "Past harm allows a plaintiff to seek damages, but it does not entitle a plaintiff to seek injunctive or declaratory relief." *Kanuszewski v. Mich. Dep't of Health & Hum. Servs.*, 927 F.3d 396, 406 (6th Cir. 2019). Rather, "[t]o obtain declaratory or injunctive relief, a

---

[4] Also, can Plaintiff be said to have a particularized injury when she alleges, as to the staffing theory, "it does not require any individualized inquiry into how many hours of direct nursing care any specific resident received on any given day"? DE 1 ¶ 22.

9

claimant must show a present ongoing harm or imminent future harm." *Shelby Advocs. for Valid Elections v. Hargett*, 947 F.3d 977, 981 (6th Cir. 2020). Burdine is deceased; thus, she does not face any ongoing or imminent harm from Defendants' conduct as necessary to seek injunctive relief. *See Bowman v. Corr. Corp. of Am.*, 350 F.3d 537, 550 (6th Cir. 2003) ("Given the fact that [the plaintiff's decedent] is dead, any claim for injunctive relief is moot."). And because Plaintiff brings her claims solely as Burdine's Administratrix, she therefore lacks standing to pursue injunctive relief. Since Plaintiff cannot establish individual standing as to her claim for injunctive relief, she also cannot bring a claim as a representative of Subclass Two. *See Courtney v. Smith*, 297 F.3d 455, 467 (6th Cir. 2002) ("Based upon our conclusion that the plaintiffs lack standing to bring their lawsuit, however, they cannot advance the claims of other unnamed individuals."). Accordingly, the Court grants the motion to dismiss the claim for injunctive relief on behalf of Subclass Two.[5]

Because Plaintiff only brings claims on behalf of the subclasses and seeks remedies exclusive to those subclasses, she lacks standing to pursue any claim for relief under the Complaint. Thus, the Court dismisses the Complaint in its entirety.

### IV.   Conclusion

For the foregoing reasons, the Court **GRANTS** DE 5 and dismisses the Complaint without prejudice. The Court will enter a separate judgment contemporaneous with this Opinion and Order.

This the 4th day of September, 2024.

Signed By:
*Robert E. Wier*
United States District Judge

---

[5] The Court does not address Defendants' remaining arguments. In a case with like claims, lawyers, and arguments, the Court went deeper into the secondary issues and did find, among other things, that § 446.070 does not support injunctive relief as a standalone remedy. *See Buchanan v. Barbourville Nursing Home, Inc., et al.*, No. 6:23-CV-131-REW-HAI (E.D. Ky. 2023), DE 49, at 13–14. Given the standing result here, the Court merely references that complete analysis, almost surely also applicable in this case.